MEMORANDUM *
Plaintiffs Gabana Gulf Distribution, Ltd. and Gabana Distribution, Ltd. (collectively, “Gabana”) appeal the district court’s grant of summary judgment in favor of Defendant Gap International Sales, Inc. on Ga-bana’s breach of contract claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
The district court correctly concluded that the material facts are not disputed and the contract between Gabana and Gap was not a franchise agreement under California law. The undisputed facts show that Gabana was merely a distributer or wholesaler of Gap products, but not substantially associated with Gap’s trademarks. In fact, the contrary is the case: Gabana was expressly prohibited by contract from associating itself with Gap’s trademarks beyond selling its merchandise.
The dissent supports its conclusion with non-California cases that we do not find persuasive. The Third Circuit’s conclusion that the product-trademark distinction was “ephemeral” was limited to “the context of [that] case” in which (1) the franchisee was the sole distributor of the franchisor’s products in the relevant region for 30 years, (2) the franchisee’s customer’s testified that they considered the franchisee and franchisor “one and the same,” and (3) some of the franchisee’s employees wore the franchisor’s uniforms. Cooper Distrib. Co. v. Amana Refrigeration, Inc., 63 F.3d 262, 267, 271, 273 (3d Cir.1995). To whatever extent the dissent is supported by Wright-Moore Corp. v. Ricoh Corp., 908 F.2d 128, 135 (7th Cir.1990), we note that the Seventh Circuit reversed course when analyzing the very same statute in Hoosier Penn Oil Co. v. Ashland Oil Co., 934 F.2d 882, 886 (7th Cir.1991). There, the comb rejected the argument that merely selling a product with a trademark attached created a substantial association with that trademark. Id.
Furthermore, Gabana did not establish that it paid a “franchise fee,” as distinguished from a mere purchase of product at fair market value. See Cal. Bus. & Prof.Code § 20007. By its own terms, the Excess Inventory Agreement purports to be a contract for the sale of goods. Gaba-na has not shown it to be anything other than that.
For these reasons, the district court correctly ruled that Gabana’s arrangement with Gap was not a “franchise” as defined by California Business and Professions Code section 20001.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.